(86 South. 152)

HARRIS v. STATE.    (8 Div. 709.)

(Court of Appeals of Alabama.    June 8, 1920.)

LARCENY ⬥═3(1) — TAKING MUST BE WITH FELONIOUS INTENT.

In order to convict of larceny, the taking must be shown to have been with felonious intent.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bud Harris was convicted of the larceny of a black bull yearling, and he appeals. Reversed and remanded.

It seems from the record that Franklin county, Ala., had no stock law, and that Tishomingo county, Miss., had a stock law, which was being vigorously enforced against Alabama cattle trespassing upon the Mississippi county crops. It also appears that the Alabama county was not enforcing the tick law, and that the Mississippi county was; also that the Alabama county was vigorously fighting the enforcement of the tick law. The bull yearling was caught in the net, along with other cattle, and under the authority of the agent of the bureau of animal industry in the state of Mississippi and his assistant the cattle were · taken up, dipped, and placed in Harris' pasture by Harris. This fact appeared from the testimony of the government agent and of the landlord of Harris. It was Alabama against Mississippi and the tick law against no tick law, and the defendant lived in Mississippi, but was tried in Alabama.

W. L. Chenault, of Russellville, and A. H. Carmichael, of Tuscumbia, for appellant.

Under the evidence the defendant was entitled to the affirmative charge.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J.    The defendant was indicted and convicted of grand larceny, the taking and carrying away of a bull yearling, and sentenced to the penitentiary for not less than 2 nor more than 10 years. We have given the most careful consideration to this case, and are firmly of the conclusion that the defendant should have been given the affirmative charge as requested by him in writing. It would serve no good purpose to go into a discussion of all of the evidence, but, conceding that the taking of the property was shown, it certainly cannot be seriously contended that it was with felonious intent.

Many exceptions were reserved to the ruling of the court on the introduction of evidence; and, while there may be error in some of the court's rulings, yet the view we take of the testimony makes it unnecessary to consider these matters.

For the error pointed out, the cause must be reversed.

Reversed and remanded.